IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NATHAN L. HILL, | ) | |
|     Petitioner, | ) | Civil Action No. 7:20-cv-00309 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN STREEVAL, | ) | United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Nathan L. Hill, a federal inmate proceeding *pro se*, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. He is currently serving a life sentence, which was imposed by the United States District Court for the Northern District of Illinois in 1999. In his petition, Hill contends that the Bureau of Prisons (BOP) is illegally holding him pursuant to that sentence. After review of the record, the court concludes that his petition must be summarily dismissed.[1]

Several months ago, the court dismissed a prior § 2241 petition by Hill, noting that jurisdiction was lacking over it. *Hill v. Warden of Lee Cty. U.S.P.*, No. 7:18-cv-00166, 2020 WL 908125 (W.D. Va. Feb. 25, 2020), *appeal docketed*, No. 20-6305 (4th Cir. Mar. 4, 2020). In its memorandum opinion doing so, the court set forth in detail Hill's extensive efforts to challenge his conviction and/or sentence through various filings in different courts, including no less than five § 2241 petitions. *Id.* at *1–3. As to the petition before it, the court concluded that Hill failed to satisfy the requirements set forth in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), for proceeding under § 2241. It accordingly dismissed his § 2241 petition for lack of jurisdiction. *Hill*, 2020 WL 908125, at *7. Hill appealed, and his appeal remains pending.

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it is plain that the petitioner is not entitled to relief.

In Hill's current—and sixth—§ 2241 petition, he devotes many pages of his supporting memorandum to arguing that he is not attacking his original conviction or sentence, but is instead attacking the BOP's authority to detain him.[2] He states repeatedly, albeit in general terms, that he is challenging the "execution of his sentence." (*See, e.g.*, Mem. Supp. Pet. 7, Dkt. No. 1-1.) He emphasizes that he is not asking that his conviction or sentence be vacated, but instead is asking the court "to order the [BOP] to release him from illegal detention." (Pet. 1, Dkt. No. 1.)

Hill likewise states that this is his first "original writ of habeas corpus" and not a collateral attack on his conviction or sentence pursuant to either 28 U.S.C. § 2255 or pursuant to § 2241 and the savings clause in § 2255(e). Thus, he argues that he need not satisfy the tests of *Wheeler* or *In re Jones*, 226 F.3d 328 (4th Cir. 2000), which set forth the requirements in the Fourth Circuit for challenging, pursuant to § 2241, a sentence or conviction, respectively. He further argues that because this is a "plenary proceeding," he is entitled to rely on "relevant law," including *Alleyne v. United States*, 570 U.S. 99 (2013). (Mem. Supp. Pet. 14.)

In broad terms, Hill's grounds for relief are: (1) his continuing detention is in violation of 18 U.S.C. § 4001(a)[3]; (2) the warden is "illegally withholding Hill from his liberty interest" in violation of due process; (3) his continued detention violates the Thirteenth Amendment and the Eighth Amendment's prohibition on cruel and unusual punishment; and (4) the warden is violating 18 U.S.C. § 4007 and the Appropriations Clause by spending funds to detain Hill. All

---

[2] Hill also points to his efforts at exhausting the administrative remedies available through the BOP, attaching pertinent documents. (Dkt. No. 1-2.); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (discussing the exhaustion requirement, which applies absent specified exceptional circumstances). The court is not relying on exhaustion grounds to dismiss Hill's petition.

[3] Known as the Non-Detention Act, this provision states: "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001(a). The Non-Detention Act is not an obstacle to detention pursuant to lower federal court judgments in a criminal case because Congress has conferred jurisdiction on those courts. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States."); *see also Armstrong v. Guccione*, 470 F.3d 89, 103 (2d Cir. 2006) (holding that the Judiciary Act of 1789, which created lower federal courts, provides sufficient statutory authorization to detain persons pursuant to a district court's inherent contempt power).

of these arguments, though, rely on the underlying premise that aspects of his criminal conviction or sentence are illegal, thus rendering his detention illegal. That premise is based, in turn, on either *Alleyne*-related arguments or on his contention that an FBI agent on his prosecution team labored under a conflict of interest that deprived Hill of due process of law, arguments that Hill himself acknowledges he has raised on prior occasions.[4]

Hill's petition must be dismissed for the same reasons the court dismissed his last § 2241 petition. Specifically, despite his attempts to recharacterize his petition as a "traditional" habeas petition, as opposed to one attacking his conviction or sentence, his petition is clearly yet another attempt to challenge the conviction and sentence he is currently serving. As such, it cannot proceed here unless he satisfies *Wheeler* or *Jones*, which he cannot do.[5] Put differently, his argument that his detention is illegal is premised entirely on his conviction or sentence being

---

[4] In a passing statement, Hill also states that he is at high risk to develop COVID-19 and argues that this supports his release, although he says he is entitled to his liberty "even if there was no threat of COVID-19." (Mem. Supp. Pet. 17–18.) The court finds it unnecessary to reach the issue of whether § 2241 is an appropriate vehicle for a convicted federal prisoner to seek release based on the risks posed by COVID-19. *Compare, e.g.*, *Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882, at *5–6 (N.D. Ohio Apr. 22, 2020) (discussing the issue and concluding that where prisoners confined in federal prison could use § 2241 where they sought not a commutation of their sentences, but to serve the sentences in home confinement until the risk of the virus abated) *with Seth v. McDonough*, No. 8:20-CV-01028-PX, 2020 WL 2571168, at *8 (D. Md. May 21, 2020) (concluding that challenges based on possible exposure to COVID-19 could not be brought in § 2241 because they were not challenges to the "fact or duration of confinement"), *appeal docketed*, No. 20-6776 (4th Cir. May 26, 2020); *see also Coreas v. Bounds*, Civil Action No. TDC-20-0780, 2020 WL 1663133, at *6 (D. Md. Apr. 3, 2020) (reasoning that release from confinement on the basis of COVID-19 risks could be sought by an immigration detainee pursuant to § 2241, but suggesting that § 2241 would not be an avenue available to a convicted federal prisoner). Even if release were available on that basis under § 2241—as opposed to seeking a modification of his sentence from the sentencing court—Hill has not stated sufficient facts to entitle him to relief. For example, he does not offer details concerning any medical risk particular to him as a result of COVID-19 or any facts concerning any alleged outbreak or failures at his current place of incarceration. Instead, his statement that the coronavirus pandemic supports his release seems to be a mere afterthought. Indeed, he mentions coronavirus only in one place and only in several lines of his 38-page supporting memorandum, and he does not reference it at all in his listed grounds for relief. (*See* Pet. 4–5.) Nor does he allege that he has exhausted his administrative remedies as to this issue.

[5] His arguments based on *Alleyne* do not satisfy the *Wheeler* requirements for the reasons set forth in the court's memorandum opinion in his last § 2241 case. *Hill*, 2020 WL 908125, at *5–6. His claims concerning the conflict of interest also fail to satisfy *Jones* or *Alleyne*. Among other reasons, he fails to identify any substantive law that changed such that the conduct of which he was convicted is deemed not to be criminal, the second *Jones* requirement. 226 F.3d at 333–34. Nor does he identify any settled substantive law that changed after his direct appeal and first § 2255 and was deemed to apply retroactively on collateral review, the second *Wheeler* requirement. 886 F.3d at 429.

illegal, not on any independent action by the BOP—except its justified insistence that it must detain him consistent with the valid criminal judgment against him. Indeed, he does not make any arguments as to why the BOP's "execution" of his sentence is otherwise unlawful. He simply cites to the same grounds on which he has relied in one or more of his prior petitions, all of which—in fact—rely on the invalidation of his conviction or sentence.

Hill attempts to piece together language from various cases to support his contention that this is a viable strategy for obtaining release. And he relies on a number of cases that are distinguishable or arise in other contexts. By way of example only, Hill relies on *United States v. Slade*, No. 1:08CR00024-005, 2019 WL 3061200 (W.D. Va. July 12, 2019), to support his contention that he can rely on *Alleyne*, despite its non-retroactivity on collateral review. In *Slade*, the court was addressing, in its role as the sentencing court, a request for relief under the First Step Act. The court reasoned that although *Alleyne* was not retroactive on collateral review, the court had to separately address whether it was retroactive in the context of sentence reductions. *Id.* at *3. Similarly, elsewhere in his supporting memorandum, Hill argues that his situation is "analogous to a prisoner who files a [18 U.S.C. § 3582] motion," (Mem. Supp. Pet. 14). He is incorrect.

Whether brought under § 3582 or the First Step Act, motions in which a convicted prisoner requests a reduction in his sentence are filed with the *sentencing* court, not with the court in the district where he is incarcerated. Moreover, those motions are direct challenges to the prisoner's sentence. Again, the circular nature of Hill's reasoning is apparent in his reliance on those cases. In an effort to avoid the *Wheeler* requirements that preclude his proceeding in this court, he insists he is not attacking his sentence. But in his attempt to do an end-run around the *Wheeler* requirements, he then relies on cases involving direct challenges to a sentence.

Those cases cannot help him. In short, Hill's attempts to characterize his petition as a "traditional" writ of habeas corpus that does not attack his criminal judgment fails, most particularly because the only grounds he offers in support of his detention are grounds that challenge the validity of his conviction or sentence. And none of those grounds satisfy *Jones* or *Wheeler* so as to allow him to proceed under § 2241. *See supra* note 5.

## CONCLUSION

For the foregoing reasons, Hill's § 2241 petition will be dismissed for lack of jurisdiction. An appropriate order will be entered.

Entered: June 9, 2020.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge